Filed 12/7/23  P. v. Molina CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JUAN FRANCISCO MOLINA,<br><br>        Defendant and Appellant. | E081218<br><br>(Super.Ct.No. FWV1504298)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Elia V. Pirozzi, Judge.  Affirmed.

Juan Francisco Molina, in propria persona; and Cynthia Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Juan Francisco Molina appeals the denial of his Penal Code section 1172.6[1] petition to vacate his conviction for attempted murder. After his counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), Molina filed his own supplemental brief. We affirm.

BACKGROUND

In 2018 Molina was charged with two counts of attempted murder (Pen. Code, §§ 664/187, subd. (a); counts 1-2), two counts of assault with an assault weapon (Pen. Code, § 245, subd. (a)(3); counts 3-4) and evading a peace officer (Veh. Code, § 2800.2, subd (a); count 5). The prosecution also alleged three firearm enhancements applied to the attempted murder charges (Pen. Code, §§ 12022.5, subd. (b), 12022.53, subds. (b)-(c)) and one firearm enhancement applied to the assault charges (Pen. Code, § 12022.5, subd. (b)). After trial, a jury convicted Molina of counts 2-5 and found true all firearm enhancements related to those charges. The court declared a mistrial as to count 1, and as to the allegation regarding whether count 2 was deliberate and premeditated.

In 2022 Molina filed a propria persona petition for resentencing under then section 1170.95, now section 1172.6. The court appointed counsel, and the prosecution opposed the petition. The court held a prima facie hearing in April 2023. It said it "reviewed and considered the record of conviction, including without limitation, the abstract of judgement, charging document, and pertinent excerpts of the trial transcript, verdict forms, and jury instructions," as well as "the unpublished appellate opinion to this

---

[1] Unlabeled statutory citations refer to the Penal Code.

case without engaging in fact-finding involving [the] weighing of evidence." Based on this, it denied the petition because "[t]he petitioner was not convicted under the natural and probable consequences doctrine and neither CALCRIM 402 nor 403 were given to the jury. There were no jury instructions either on aiding and abetting or felony murder. In addition, the petitioner was the actual perpetrator and shooter of the firearm at the victim."

## ANALYSIS

On Molina's request, we appointed counsel to represent him on appeal. Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order a defendant does not have a constitutional right to independent review under *Anders/Wende*[2] if appellate counsel cannot identify any arguable issues. (*Delgadillo*, *supra*, 14 Cal.5th at p. 231.) However, "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) Here, after appellate counsel filed a brief notifying us Molina's appeal presented no arguable issues, we offered Molina an opportunity to file a personal supplemental brief, and he did so.

---

[2] *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Molina argues in his supplemental brief that his jury was instructed on malice, and therefore "malice was imputed in my jury instructions and my conviction should be vacated."

Under section 1172.6, "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced." (§ 1172.6, subd. (a).) Though section 1172.6 offers similar relief to those convicted of attempted murder, it "applies by its terms only to attempted murders based on the natural and probable consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

Molina's jury was not instructed on the natural and probable consequences doctrine, and therefore could not have convicted him based on that theory. Accordingly, we find no error and affirm.

DISPOSITION

We affirm the order denying Molina's petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

CODRINGTON
Acting P. J.

FIELDS
J.

4